UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY SNEED,

    Petitioner,

  v.

A. P. KANE,

    Respondent.
                         /

No. C 05-4109 SI (pr)

**ORDER DENYING MOTION TO DISMISS**

Anthony Sneed filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a determination that he was unsuitable for parole. In his petition, Sneed contended that after being found not suitable for parole several times, he was granted parole by the Board of Prison Terms ("BPT") on August 4, 2004, but Governor Schwarzenegger reversed the decision of the BPT on December 18, 2004. This court determined that Sneed could only challenge the Governor's December 2004 decision and that Sneed stated a cognizable claim that the Governor's decision violated his right to due process.

Respondent moved to dismiss on the ground that petitioner had not exhausted his state court remedies in that he never filed a petition in the California Supreme Court regarding the Governor's December 2004 reversal of the BPT's grant of parole. Petitioner opposed the motion and ably demonstrated that the claims concerning the Governor's December 2004 decision were fairly presented to the California Supreme Court. Specifically, petitioner showed that (1) he amended his petition in the California Supreme Court to include the claim concerning the

Governor's December 2004 decision, (2) the California Supreme Court requested the California Attorney General's office to address petitioner's claim that the Governor abused his discretion in reversing the BPT's 2004 decision granting him parole, and (3) the California Attorney General's office filed a letter brief on March 3, 2005 in the California Supreme Court addressing the BPT's grant of parole and the Governor's subsequent reversal of the decision. See Traverse, Exhs. A, B, and C. Surprisingly, respondent neither withdrew the motion nor filed a reply contesting petitioner's convincing showing that the motion was wrong on the facts. Based on the materials before it, the court concludes that state judicial remedies were exhausted for the pending habeas petition. Respondent's motion to dismiss therefore is DENIED. (Docket #4.)

In light of the denial of the motion to dismiss, the court now sets the following new briefing schedule on the order to show cause:

1. Respondent must file and serve upon petitioner, on or before **August 25, 2006**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the parole hearing record that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

2. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **September 29, 2006**.

IT IS SO ORDERED.

DATED: July 7, 2006

SUSAN ILLSTON
United States District Judge

2