UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SNEED, | No. C 05-4109 SI (pr) |
|     Petitioner, | **ORDER GRANTING HABEAS PETITION** |
|     v. | |
| A. P. KANE, warden, | |
|     Respondent. | |

In 2004, the Board of Prison Terms (now known at the Board of Parole Hearings ("BPH")) held a hearing and found Anthony Sneed suitable for parole. On December 30, 2004, Governor Arnold Schwarzenegger reversed the BPH's decision and found Sneed not suitable for parole. Sneed then filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging Governor Schwarzenegger's decision. This court denied the petition. The U.S. Court of Appeals for the Ninth Circuit "reverse[d] the district court and remand[ed] with instructions to grant the writ." Sneed v. Kane, 9th Cir. No. 07-15061, 8/2/10 unpublished mem. disp. at 2. A petition for panel rehearing and for rehearing en banc was denied by the Ninth Circuit in an order filed November 12, 2010. The Ninth Circuit issued the mandate on November 22, 2010. The clerk of this court sent a letter to spread the mandate on November 30, 2010.

Under the present circumstances – where the court rejects a Governor's reversal of the BPH's finding of suitability – the proper remedy appears to be a reinstatement of the BPH's decision. See Mosley v. Oroski, 9th Cir. No. 08-15327 11/24/10 unpublished mem. disp. at 4-5 (rejecting request to remand to the Governor; "we believe the appropriate relief in California is

to vacate the Governor's decision and reinstate the Board's decision"); id. at 5 n.4 (noting that BPH retained its power to rescind the parole determination that was being reinstated); In re Lawrence, 44 Cal.4th 1181, 1190-91 (Cal. 2008) (affirming state appellate court's judgment that vacated the Governor's reversal and reinstated the BPH's grant of a parole release); In re McDonald, 189 Cal. App. 4th 1008 (Cal. Ct. App. 2010) (reinstating BPH's parole release order upon concluding that remand to Governor was not the proper remedy). But cf. Haggard v. Curry, 623 F.3d 1035, 1041 (9th Cir. 2010) (considering BPH denial of parole and explaining that In re Prather, 50 Cal. 4th 238 (Cal. 2010), "determined that prisoners whose parole denials were not based on 'some evidence' of current dangerousness are entitled under state law only to a new parole-suitability decision by the state executive, and not to release from custody or a judicial parole determination.")

Accordingly, the court now orders:

1. The petition for writ of habeas corpus is GRANTED.

2. The Board of Parole Hearings' 2004 decision finding Sneed suitable for parole must be reinstated and implemented.

3. No later than **January 21, 2011**, respondent must inform this court whether a release date has been set for Sneed and, if so, what that date is.

IT IS SO ORDERED.

DATED: December 1, 2010

SUSAN ILLSTON
United States District Judge